ANNIE McDONNELL, as Administratrix of the Estate of JAMES S. McDONNELL, Deceased, Appellant, *v.* METROPOLITAN BRIDGE AND CONSTRUCTION COMPANY, Respondent.

*Negligence — master and servant — question for jury.*

Upon examination of the evidence, in an action to recover for the death of an employee, who was killed by falling from the mast of a derrick and being struck by a broken piece of a timber attached thereto, *held*, that a question was fairly presented for the determination of a jury as to whether or not the defendant master had exercised ordinary care and diligence in providing the deceased with a reasonably safe place to work and in the proper inspection of the appliances and materials which defendant furnished plaintiff's intestate in the course of his employment, also as to whether or not the proximate cause of the injury was the breaking of the mast and timber.

*McDonnell* v. *Metropolitan Bridge & Construction Co.*, 148 App. Div. 925, reversed.

(Argued April 30, 1913; decided June 17, 1913.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 10, 1912, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

This action was brought to recover damages for the death of plaintiff's husband through the alleged negligence of the defendant. At a former trial of the case the plaintiff obtained a verdict which was reversed by the Appellate Division and a new trial ordered (131 App. Div. 301), one of the justices dissenting. Upon the new trial the evidence presented was the record which had been used on the appeal to the Appellate Division. At the close of the trial, upon motion, the complaint was dismissed by the trial justice.

An appeal was taken to the Appellate Division, where the judgment was unanimously affirmed without opinion

(148 App. Div. 925), and thereafter the Appellate Division made an order certifying that in its opinion a question of law was involved which ought to be reviewed by this court, and granted leave to plaintiff to appeal to this court.

On the 26th day of December, 1907, plaintiff's intestate was employed by defendant in the erection of a derrick owned by defendant. The derrick consisted of a mast set on a foundation, which consisted of four heavy timbers about 16 inches square and 16 feet long. The timbers were covered crosswise with boards. After the completion of the foundation the mast, which was of timber 12″x12′ and 47 feet long, was raised and inserted in the iron support placed in the foundation for it, and two steel guy ropes were fastened at its top and stretched taut at right angles to hold it in position. A timber called a "stiff leg" which was made of two yellow pine timbers, ten inches square, spliced for sixteen feet in the center, and about sixty-two feet long, was placed against the mast to support the same. In the top of the mast was a gudgeon pin two inches in diameter by eight inches long. On the upper end of the "stiff leg" was a flat piece of iron known as a "goose-neck" about an inch and a half thick, four inches wide and six feet long, bolted to the "stiff leg" on its under side with a two-inch hole in its uppermost end to inclose the gudgeon pin arising from the top of the mast. The "goose-neck" was to be passed over the gudgeon pin to be fastened there and prevented from rising by an iron bolt called a key inserted in the opening made in the gudgeon pin.

Plaintiff's intestate, McDonnell, was raised in a boatswain's chair to the top of the mast and had climbed out of the chair and lay over and upon the "stiff leg" already in position for the purpose of fastening in place the "goose-neck" of the second "stiff leg" which was about to be put in place. The boom of the mast was fastened to the top of the second "stiff leg" and had raised it near

to the top of the mast. Two men on the ground with bars were pinching up the bottom and two other men with guide lines fastened to the top of the "stiff leg" were holding it to prevent swaying.

Evidence was offered in behalf of the plaintiff that while the "stiff leg" was being put in place, the same turned around and the boom also and struck the other "stiff leg" already in place; that the mast and "stiff leg" in place thereupon fell, and that the "stiff leg" in place broke into three or four pieces because of the fact that the timber of the "stiff leg" was decayed and plaintiff's intestate was precipitated to the ground and struck by one of the pieces of the "stiff leg" that had been in place, and suffered injuries which resulted in his death.

On behalf of the defendant evidence was offered tending to show that the plaintiff's intestate had removed the pin or key from the gudgeon, in expectation of putting the "goose-neck" of the second "stiff leg" over the gudgeon, and thereby the "stiff leg" in place and upon which the plaintiff's intestate was resting was permitted to slip off the gudgeon, and by reason of that act on the part of plaintiff's intestate the injury occurred.

*George F. Hickey* and *M. P. O'Connor* for appellant. Under the evidence the questions of negligence and contributory negligence were questions of fact and should have been submitted to the jury. (*Jarvis* v. *N. N. Y. M. Co.*, 55 App. Div. 272; *Walsh* v. *N. Y. & Q. Co. R. Co.*, 80 App. Div. 316; 178 N. Y. 588; *Rowley* v. *American Ice Co.*, 83 App. Div. 609; *McGuire* v. *Bell T. Co.*, 167 N. Y. 208; *Riker* v. *N. Y., O. & W. R. Co.*, 64 App. Div. 357; *Benzing* v. *Steinway*, 101 N. Y. 547; *Goodrich* v. *R. Co.*, 116 N. Y. 402; *Bailey* v. *R. Co.*, 139 N. Y. 302; *Eaton* v. *R. Co.*, 163 N. Y. 391; *Byrne* v. *Eastman's Co.*, 163 N. Y. 461; *Newton* v. *R. Co.*, 96 App. Div. 81.)

*Hector M. Hitchings* for respondent. A plaintiff in a negligence action, suing at common law, still has the

burden of showing affirmatively and by a preponderance of legal and credible evidence that the defendant master was negligent in some duty owed to the servant, and that the servant was free from contributory negligence. (*Dwight* v. *G. Life Ins. Co.*, 103 N. Y. 341; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Cassidy* v. *Ulman*, 170 N. Y. 534; *Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 83; *Seifter* v. *Brooklyn Heights R. R. Co.*, 169 N. Y. 254; *Leeds* v. *N. Y. Tel. Co.*, 178 N. Y. 118; *Quick* v. *American Can Co.*, 205 N. Y. 330; *Fitzgerald* v. *Newton Falls Paper Co.*, 204 N. Y. 184; *Simpson* v. *Foundation Co.*, 201 N. Y. 479.) Within the rules stated in the preceding point the clear proximate cause of the accident was the removal by the deceased of the bolt or key holding the first stiff leg in place, a cause brought about solely by the deceased. (*Hull* v. *Littauer*, 162 N. Y. 569; *Second Nat. Bank* v. *Weston*, 172 N. Y. 250, 258; *Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 83.)

Hogan, J.· From the foregoing statement it will be observed that there was a disputed question of fact as to the proximate cause of the accident which resulted in the death of McDonnell. While the evidence adduced by the plaintiff is not as clear as it might be, due to the fact that the principal eye-witnesses of the accident were not familiar with the English language, still, the evidence of the witness Sernicola was clear to the effect that the " stiff leg " which was being put in place " turned around and the boom also and struck this other ' stiff leg ' and the whole thing fell." It was established by the evidence that the death of McDonnell was caused by his falling from the top of the mast and being struck by a piece of the " stiff leg." Evidence was also given by plaintiff that the " stiff leg " was broken, that the timber of the same was found to be soft and pulpy, contained dry rot, and was what is called " dead wood," and that the condition of the same would have been ascertained by inspection.

As the plaintiff was entitled to the benefit of every fact that the jury could have found from the evidence, and to every legitimate inference therefrom, we are of the opinion that a question was fairly presented for the determination of a jury as to whether or not the defendant master had exercised ordinary care and diligence in providing the deceased with a reasonably safe place to work and in the proper inspection of the appliances and materials which defendant furnished plaintiff's intestate in the course of his employment, also as to whether or not the proximate cause of the injury was the breaking of the mast and "stiff leg" which was being put into place. For this reason the judgment should be reversed and a new trial ordered, costs to abide the event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., dissents upon the ground that as matter of law it appears from the record now before us that the breaking of the "stiff leg" was not a proximate cause of the accident; COLLIN, J., absent.

Judgment reversed, etc.